UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EMPLOYERS AND OPERATING ENGINEERS
LOCAL 520 PENSION FUND, *et al.*,

    Plaintiffs,

    v.

A&A HAULING, INC.,

    Defendant.

Case No. 14-cv-72-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant A&A Hauling, Inc.'s motion for a more definite statement (Doc. 5) in which it seeks specific details about the alleged delinquent contributions, alleged liquidated damages, the books and records sought to be audited, the relevant collective bargaining agreement(s), and alleged delinquent reports.   The plaintiffs have responded to the motion (Doc. 6) arguing that this information will be available through discovery and is not necessary to be pled in the complaint.

Generally, liberal federal notice pleading rules require only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).

Where a defendant thinks a complaint is too vague or ambiguous, it may move for a more definite statement under Federal Rule of Civil Procedure 12(e).   Under that rule, it is within the Court's discretion whether to order a party to provide a more definite statement, although such

motions are not favored in view of the liberal federal pleading standards discussed above. More definite statements are most often reserved for complaints that are unintelligible, not those that simply lack detail. *See, e.g., American Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 726 (7th Cir. 1986); *Moore v. Fidelity Fin. Servs.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994); *FDIC v. Wise*, 758 F. Supp. 1414, 1418 (D. Colo. 1991). Discovery is a more appropriate vehicle for fleshing out the details of a case. *See Moore*, 869 F. Supp. at 560. Furthermore, courts are not receptive to such motions if the details sought could easily be obtained by the defendant. *See* 2 James W. Moore *et al.*, *Moore's Federal Practice* ¶ 12.36[3] (3d ed. 2005).

The Court believes the complaint is not unintelligible and the details sought by the defendant are readily available through discovery. Accordingly, it **DENIES** the motion for a more definite statement (Doc. 5).

**IT IS SO ORDERED.**
**DATED: March 27, 2014**

                                                s/J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**